144 So. 713

### CLARKE v. HUTCHINSON et al.

No. 32243.

Oct. 31, 1932.

Rehearing Denied Nov. 28, 1932.

Albert P. Garland, of Shreveport, for appellant.

Foster, Hall, Barret & Smith, of Shreveport, for appellees.

LAND, J.

In the spring of 1928, plaintiff was the owner of the south 40 feet of the north 78 feet, and defendant was the owner of the north 38 feet of lots 6, 7, and 8 of block 32 of the city of Shreveport, La.

Prior to May 4, 1928, when defendant was the sole owner of the north 38 feet of these lots, she was approached by the H. S. Lonergan Realty Company with a proposition relative to the construction of a ramp garage building on the property which she owned, and on the adjoining property, which was owned by plaintiff, Mrs. Joe Etta Lee Clarke.

The H. S. Lonergan Realty Company disclosed to defendant that the prospective lessee was the Reo Tire Company (which later became Adolphus, Inc.), and that, in order for the deal to be consummated, and in order for herself and Mrs. Clarke to be able to borrow

money on the property for the purpose of erecting the contemplated building, it would be necessary that they, the plaintiff and defendant, each convey to the other an undivided one-half interest in their respective properties, so that the property would become owned in indivision by them.

Defendant informed Mr. A. Rioux, president of the Reo Tire Company, that she would not be willing to transfer an undivided one-half interest in her property for an undivided one-half interest in Mrs. Clarke's property as a simple exchange, for the reason that she considered her property to be much more valuable than that of Mrs. Clarke.

Mr. A. Rioux agreed with defendant that her property was more valuable than that of Mrs. Clarke, and that the Reo Tire Company would be willing to pay defendant a different consideration outside of any lease agreement, if the defendant would transfer an undivided one-half interest in her property in exchange for an undivided one-half interest in Mrs. Clarke's property.

Defendant Mrs. Hutchinson finally agreed that she would make the exchange of an undivided one-half interest with plaintiff, Mrs. Clarke, in and to the property, and would, with Mrs. Clarke, construct a ramp garage building on the property and lease same to the Reo Tire Company, if the Reo Tire Company would recognize her lot as worth $25,000 more than the lot of Mrs. Clarke, and would pay her the sum of $145.83 per month for the entire term of the lease between defendant, plaintiff, and the Reo Tire Company; the sum of $145.83 per month being the equivalent of 7 per cent. net annually on the additional valuation of $25,000 of the excess land value of defendant's property.

The agreement between the defendant Mrs. Hutchinson and the Reo Tire Company, Inc., was reduced to writing and signed by the Reo Tire Company and the defendant, the same day that the transfer was made between plaintiff and defendant of an undivided one-half interest in their respective properties, but before the transfer and lease were signed by defendant; and, but for this additional consideration which the Reo Tire Company, Inc., agreed to pay, defendant would not have transferred to the plaintiff an undivided one-half interest in her property.

Plaintiff has attacked this special agreement between defendant and the Reo Tire Company as being in violation of the later agreement between plaintiff and defendant that the building should be constructed upon the property upon an equal basis, and that plaintiff and defendant should own the entire north 78 feet of the lots in indivision in equal shares.

Plaintiff also charges that this special agreement evidences a secret and additional rental, over and above that stipulated for in the building and lease contracts entered into between plaintiff and defendant with the Reo Tire Company, later Adolphus, Inc.; and that knowledge and information of this special agreement was kept from plaintiff by reason of a conspiracy entered into between defendant and Adolphus, Inc., formerly Reo Tire Company, to defraud plaintiff and defeat her just, legal, and equitable claim to one-half of the entire rental actually paid, and to be paid for the property owned by plaintiff in indivision with defendant in the proportion of one-half to each.

In other words, plaintiff's contention is that she and defendant were engaged in a

joint adventure, from which defendant could reap no secret advantage, profit, or rent without full disclosure thereof to plaintiff.

It is conceded that one coadventurer will not be permitted to take and retain any secret advantage, profit, or rent without full disclosure thereof to his associates, and, if he does so, he will be condemned to divide such secret advantage, profit, or rent with his associates. 23 Cyc. 453, 455; 30 Cyc. 438; 15 R. C. L. 500, 501, 502.

On May 4, 1928, the H. S. Lonergan Realty Company had obtained a contract to lease to the Reo Tire Company, duly signed by Mrs. Clarke in St. Louis, and also a deed of exchange whereby Mrs. Clarke was to transfer to Mrs. Hutchinson an undivided half interest in her lot, and Mrs. Hutchinson was to transfer a like interest to Mrs. Clarke in her lot. This deed of exchange had been duly signed by Mrs. Clarke.

Mrs. Hutchinson had had no dealings with Mrs. Clarke in regard to the lease up to this time, as all of the negotiations had been carried on between her and the H. S. Lonergan Realty Company, which was endeavoring to obtain the lease for the benefit of the Reo Tire Company.

When presented with the deed of exchange and the contract of lease, Mrs. Hutchinson refused to sign either of the instruments, because, as she stated, she considered her lot more valuable than the lot of Mrs. Clarke, and that, if Mrs. Clarke was to participate equally in the rental provided in the lease, she, Mrs. Hutchinson, felt that she was entitled to receive additional consideration before she would transfer to Mrs. Clarke an undivided one-half interest in her lot.

This additional consideration was provided for in a separate written agreement with the Reo Tire Company, and signed by the contracting parties before Mrs. Hutchinson signed the deed of exchange with Mrs. Clarke, or the contract of lease with the Reo Tire Company, and prior to any relationship of joint adventure existing between her and Mrs. Clarke. Manifestly, no joint adventure or partnership was created until the exchange deed between Mrs. Hutchinson and Mrs. Clarke was actually signed, inasmuch as they had had no dealings or other relations in regard to the deal prior to its final consummation, and Mrs. Hutchinson had a right to do with her property as she saw fit prior to entering into any joint adventure with Mrs. Clarke.

In our opinion, the dealings of Mrs. Hutchinson with the Reo Tire Company were fair and proper, both in equity and law.

The testimony shows conclusively, and is not rebutted or contradicted, that the lot of Mrs. Hutchinson was worth from 20 to 25 per cent. more than the lot of Mrs. Clarke, who could not, either in law or equity, demand an equal undivided interest in the property without paying some additional consideration therefor, which she does not pretend to have done.

The exchange deed and contract of lease award to plaintiff an equal undivided one-half interest in the rental in the building, and in the lots also, as the direct result of the private agreement for additional bonus entered into by defendant with the Reo Tire Company.

We conclude, therefore, that plaintiff's demand against defendant and the Reo Tire

Company, later Adolphus, Inc., for one-half of the bonus paid to and received by defendant, and thereafter to be received by her, was properly rejected in the lower court, and plaintiff's suit dismissed.

J. A. McCann, former receiver of Adolphus, Inc., and defendant herein, resigned his office, and thereupon Adolphus Rioux was appointed receiver of the corporation, and, on January 14, 1932, by order of this court, was made party defendant in this cause and appellee in this appeal, in the place and stead of J. A. McCann, former receiver of the corporation.

Judgment affirmed.